[No. 21015.  Department One.  February 15, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. W. W. HUTTON, *Appellant.*[1]

[1] LIBEL (50) — CRIMINAL RESPONSIBILITY — INDICTMENT AND INFORMATION. A complaint for criminal libel sufficiently avers that a libel of the "Rating Bureau Manager" referred to the complaining witness where, from an allegation to that effect, a person of common understanding would so understand.

[2] SAME (47, 52) — PUBLICATION — EVIDENCE — SUFFICIENCY. The publication by accused of a criminal libel is sufficiently proved by evidence that he composed it and reduced to writing and had his stenographer make copies, which were afterwards circulated.

Appeal from a judgment of the superior court for Pierce county, Hodge, J., entered September 19, 1927, upon a trial and conviction of criminal libel. Affirmed.

*John E. Belcher*, for appellant.

*J. A. Sorley, Bertil E. Johnson*, and *John H. Binns*, for respondent.

PARKER, J.—The defendant, Hutton, was, by complaint filed in a justice court of Pierce county, charged with criminal libel, as follows:

"Before me, FRANK A. McGILL, a justice of the Peace, in and for the said County, this day personally appeared Edward F. Schuyler, who, being first duly sworn, on oath, complains and says: That on or about the 15 day of August, 1926, at Tacoma, in the County of Pierce, and State of Washington, W. W. Hutton, then and there being, did then and there unlawfully, falsely and maliciously publish a writing in words, figures and letters as follows:

"  'Tacoma, Washington,
                August 15, 1926.
" 'Fellow Credit Ass'n Members:
" 'We went to Spokane and were disgraced. Men supposed to be in the forefront of our organization

[1] Reported in 264 Pac. 3.

work did not draw a sober breath during their several days' stay in the city that gave us so fine a welcome. Even on the floor of the convention hall these men made such asses of themselves that it was generally agreed that their memberships in our Tacoma Association must be cancelled. This committee would like to know if nothing is going to be done about it.

" 'When the Rating Bureau Manager returned to Tacoma a couple of days after the close of the convention he was still inebriated—unfit to resume his work, grossly insulting to his help, even to the point of publicly boasting of improper relationships "with any of them." Do we permit such human vermin to go unwhipped?        BY ORDER OF THE COMMITTEE.'

"That the person referred to therein as 'Rating Bureau Manager' was Edward F. Schuyler, and that said writing tended to injure said Schuyler in his business and occupation, to-wit, the credit rating business."

The offense so charged being a gross misdemeanor, Rem. Comp. Stat., § 2424 [P. C. § 8953], and triable in the justice court, Rem. Comp. Stat., § 46 [P. C. § 9433], the case proceeded to trial in that court, resulting in the defendant being therein adjudged guilty as charged, from which judgment he appealed to the superior court for Pierce county, where he was again tried *de novo* by that court sitting with a jury, resulting in a verdict of guilty and a final judgment rendered thereon against him, from which judgment he has appealed to this court.

[1] It is first contended in behalf of appellant that the complaint does not state facts sufficient to constitute criminal libel. This question was first raised in behalf of appellant, by objection to the introduction of evidence in behalf of the prosecution, at the beginning of the trial in the superior court. The argument is, in substance, that the last above quoted paragraph

of the complaint does not, with sufficient particularity, allege the language of the libelous writing to refer to Schuyler as the person so libeled. Under former technical rules of criminal pleading, there might be some room for so arguing, but we think the allegation is sufficient in that behalf under our liberal rules of criminal pleading, Rem. Comp. Stat., § 2065 [P. C. § 9281]. It seems plain to us that the allegation means, to a person of common understanding, that Schuyler was the person referred to by the words "Rating Bureau Manager," used in the libelous writing. We conclude that the trial court did not err in overruling the challenge, which was in effect an oral demurrer to the sufficiency of the complaint.

[2] Contention is made in behalf of appellant that the evidence is insufficient to support the verdict and judgment, particularly in that it fails to sufficiently show that appellant published, or caused to be published, the libelous writing. It is true that there is no direct evidence that appellant published, or caused to be published, the libelous writing; that is, that he mailed, or caused it to be mailed, to any third person or persons. There was direct evidence that appellant composed the writing and himself actually reduced it to writing, and then gave the writing so prepared to his stenographer, with directions to typewrite a dozen or more copies of it; that she accordingly did typewrite a dozen or more copies of it and gave them to appellant; that very soon thereafter several of these copies found their way to a number of persons, members of the association, in Tacoma, each being so received through the United States mail in an envelope postmarked Tacoma. There was also evidence warranting the jury in believing that there was, shortly prior to and at that time, a considerable degree of ill-feeling

entertained by appellant towards Schuyler. Viewing all of these circumstances, we cannot say as a matter of law that the jury were not warranted in finding that appellant, not only prepared, but actually published, this libelous writing. We conclude that the evidence was sufficient to sustain the verdict and judgment.

Some claims of trial errors are made and briefly argued. We have carefully examined these and think they are without merit sufficient to call for further notice here. We conclude that appellant has had a fair trial, free from prejudicial error, and that the evidence sustains the verdict and judgment.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, FRENCH, and MITCHELL, JJ., concur.